IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LUIS ANGEL HERNANDEZ,
    Petitioner,

vs.                                      Case No. 3:05cv53/RV/EMT

JOSE M. VAZQUEZ, Warden,
    Respondent.
_____/

**REPORT AND RECOMMENDATION**

        This matter is before the court on a petition for writ of habeas corpus filed under Title 28, United States Code, Section 2241 (Doc. 1).  Respondent has filed an answer (Doc. 11), to which Petitioner has replied (Docs. 20, 21).

I.    BACKGROUND

        On March 12, 2001, Petitioner was arrested in Okaloosa County, Florida, and charged with possession of a controlled substance and felony driving while license suspended (*see* Doc. 11, Ex. 2; www.clerkofcourts.cc/pa (online docket of Okaloosa County Circuit Court), State v. Hernandez, Case No. 2001 CF 000362, Case No. 2001 CF 000459).  On May 22, 2002, while in state custody, Petitioner was indicted in this federal court for falsely making, forging and counterfeiting obligations of the United States and passing counterfeit obligations of the United States (*see* United States v. Hernandez, Case No. 3:02cr58/LAC, Doc. 1).  On June 26, 2002, Petitioner was sentenced on the state charges to eighteen (18) months of incarceration (Doc. 11, Ex. 2) and received credit against his state sentence for time served (*id.*, Ex. 3A).

        On December 3, 2002, during the service of his state sentence, Petitioner was produced in federal court for an initial appearance on the federal indictment pursuant to a writ of habeas corpus ad prosequendum.  At that time the federal court entered an order of detention and committed Petitioner to the custody of the Attorney General (United States v. Hernandez, Case No.

3:02cr58/LAC, Docs. 18, 21), although Petitioner remained in the primary custody of the Florida Department of Corrections.[1]  Petitioner pled guilty to the federal charges and was sentenced on March 25, 2003, to two concurrent terms of forty-one (41) months of incarceration, to be followed by concurrent three-year terms of supervised release, to run consecutively to any sentence Petitioner was then serving (*id*., Doc. 52).  After his federal sentencing, Petitioner was returned to state authorities to complete the remainder of his state sentence, and a federal detainer was lodged with the Florida Department of Corrections (Doc. 11, Ex. 2).  Eventually, on September 18, 2003, Petitioner completed his state sentence[2] and was released to federal custody for service of his federal sentence (*see* Doc. 11, Ex. 1 at 4, Ex. 3 at 2, Ex. 3A; www.dc.state.fl.us, Inmate Release Information Detail, Luis A. Hernandez, DC Number 202508).

Because Petitioner's federal sentence was to run consecutively to Petitioner's state sentence, the Federal Bureau of Prisons ("BOP") did not credit Petitioner for time served on his state sentence, and thus determined that Petitioner's federal sentence began on September 18, 2003.  Petitioner believed he was entitled to credit for the period from August 1, 2002 to March 22, 2003, and he sought relief through administrative channels of the BOP (*see* Doc. 11, Ex. 6).  In response, the BOP denied Petitioner's requested relief, informing him that he was awarded all of the credit to which he was entitled in accordance with Title 18, United States Code, Section 3585(b) and BOP Program Statement 5880.28.  Respondent concedes Petitioner has exhausted his administrative remedies (*see* Doc. 11 at 4).

II.   STANDARD OF REVIEW

Acting through the Bureau of Prisons, the federal Attorney General initially possesses the exclusive authority to compute sentence credit awards after sentencing.  Rodriguez v. Lamar, 60

---

[1] When Petitioner was taken into federal custody on the writ, the State of Florida retained primary jurisdiction over him, because he was only "borrowed" by the federal Government.  Causey v. Civilette, 621 F.2d 691, 693 (5th Cir. 1980) ("[t]he law is clear in this Circuit that, if a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary . . . A writ of habeas corpus ad prosequendum is only a 'loan' of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction.") (decisions of the former Fifth Circuit decided by September 30, 1981 are binding precedent in the Eleventh Circuit, Bonner v. City of Pritchard, Ala., 661 F.2d 1206 (11th Cir. 1981)).

[2] Petitioner received no "gain time" on his state sentence, as he received several disciplinary infractions and was required to serve his sentence "day for day" (Doc. 11, Ex. 3A).

F.3d 745, 747 (11th Cir. 1995). Once a petitioner has exhausted his administrative remedies within the BOP, the District Court now may review the constitutionality of the Bureau's decision and its statutory construction. *Id.* The Court's analysis, however, is deferential: if the language of the applicable statutory provision clearly outlines its congressional purpose, an interpreting court and administrative agency "must give effect to the unambiguously expressed intent of Congress." If the statute is silent or ambiguous, however, a reviewing court must defer to an agency's reasonable interpretation unless it is "arbitrary, capricious, or manifestly contrary to the statute." *Id.* (citing Chevron USA Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-844, 104 S. Ct. 2778, 81 L. Ed.2d 694 (1984)).

III.   ANALYSIS

Petitioner originally claimed he was entitled to sentence credit from August 1, 2002 to March 25, 2003 (*see* Doc. 1 at 3). In his response to Respondent's answer, he conceded he was not entitled to credit from August 1, 2002 to December 2, 2002, and stated that he seeks credit only from December 2, 2002 to March 25, 2003, a total of 114 days (*see* Doc. 20); however, in his supplemental response, he appears to return to his original claim that he is entitled to credit from August 1, 2002 to March 25, 2003 (*see* Doc. 21). As grounds for his claim, Petitioner contends he is entitled to credit on his federal sentence because he was not in the "primary custody" of the State of Florida from August 1, 2002 to March 25, 2003. Additionally, Petitioner argues the federal sentencing judge stated at sentencing that Petitioner was entitled to sentence credit for that period, and if the BOP did not grant it, Petitioner could return to the sentencing court to obtain it. Each of these arguments will be addressed in turn.

   A.   Section 3585(b) & BOP Statement

The BOP argues that pursuant to the clear language of Title 18, United States Code, Section 3585(b), Petitioner is not entitled to the requested relief. Section 3585(b) provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
>   (1) as a result of the offense for which the sentence was imposed; or
>
>   (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

<u>that has not been credited against another sentence</u>.

(emphasis added.).

The BOP has interpreted this statute in Program Statement 5880.28 as meaning that "[i]n no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed." *See* Program Statement 5880.28, Ch. I, sect. 3.b.  Based on this language, the BOP contends that Petitioner could not receive credit for any time between the imposition of his state sentence and his federal sentence because he has received credit for that time against his state sentence.

After a defendant is sentenced, it falls to the BOP, not the district court, to determine when a sentence is deemed to "commence." 18 U.S.C. § 3585(a).  Also, as the Supreme Court has held, the BOP determines whether the defendant should receive credit for time spent in custody before the sentence "commenced" in accordance with section 3585(b).  *See* <u>United States v. Wilson</u>, 503 U.S. 329, 112 S. Ct. 1351, 117 L. Ed.2d 593 (1992) (BOP determines credit issues, not the district courts).  In fact, the federal courts do not have the authority under Section 3585 to order the BOP to credit a prisoner with state time served.  <u>United States v. Pineyro</u>, 112 F.3d 43, 45 (2d Cir. 1997). The period in question was credited against Petitioner's state sentence.  Because Section 3585(b) expressly precludes the BOP from granting credit for time "credited against another sentence," the BOP is not unreasonably applying the statute to the Petitioner's case.  *See* <u>Rios v. Wiley</u>, 201 F.3d 257, 276 (3d Cir. 2000); <u>United States v. Dennis</u>, 926 F.2d 768, 770 (8th Cir. 1991); <u>Bailes v. Booker</u>, 125 F.3d 861, 1997 WL 634099 (10th Cir. Oct. 10, 1997) (Table, Text in Westlaw).

  B. <u>Comments of Sentencing Court</u>

Petitioner also argues that the sentencing court told him if the BOP did not award him the requested sentence credit, Petitioner could return to the sentencing court to receive it.   Petitioner has mischaracterized the following exchange between the sentencing judge and Petitioner's counsel:

> MR. JENKINS [Petitioner's counsel]:  Judge, I know it may be more of administrative [sic] matter with the Bureau of Prisons or the Attorney General's Office, but Mr. Hernandez has asked me to ask the Court to consider giving him credit for time served since the date the federal detainer was placed on him, which was actually August 1, 2002.
>
> I've explained to Mr. Hernandez that this may be an administrative matter that he needs to bring up with the Bureau of Prisons.  I've given him an outline of

> who he needs to contact with the Bureau of Prisons to receive that -- receive all credit that he's legally entitled to.
>
> THE COURT: Right. That's where it should begin, and if there is still some difficulty or some problem, then we'll consider it at that time.

(*see* Doc. 1, Attachment). The comments of the sentencing judge indicate only that the sentence credit issue was an administrative matter to be addressed by the BOP, and if Petitioner believed he was legally entitled to more credit than that awarded by the BOP, he could present his claim to the district court, which he has done in the instant Section 2241 petition.

Finally, to the extent Petitioner alleges he is entitled to credit because the state court ordered that his state sentence run concurrent with any other sentence (*see* Doc. 1 at 3), Petitioner is not entitled to relief. A prisoner cannot, by agreement with state authorities, force the federal government to run his sentences concurrently. Hawley v. United States, 898 F.2d 1513, 1514 (11th Cir. 1990). *See also* Opela v. United States, 415 F.2d 231, 232 (5th Cir. 1969); United States v. Yates, 58 F.3d 542, 549-550 (10th Cir. 1995) (principles of comity did not require federal court to impose concurrent sentence where state sentencing order directed running state sentence concurrent with any federal time, as Supremacy Clause controlled over wishes of state sentencing court). As discussed *supra*, Petitioner has received all of the credit to which he is legally entitled. Therefore, the instant petition should be denied.

For the foregoing reasons, it is respectfully **RECOMMENDED**:

That Petitioner's petition for writ of habeas corpus (Doc. 1) be **DENIED** and the clerk be directed to close the file.

At Pensacola, Florida, this 30th day of September 2005.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

Case No.: 3:05cv53/RV/EMT

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**